UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FACUN ABELLA, | No. C 10-303 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| TIM VIRGA, warden, | |
| Respondent. | |

## INTRODUCTION

Mark Abella, an inmate at the California State Prison - Sacramento, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court reviewed his petition, he filed an amended petition, which supersedes the original petition. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request for appointment of counsel and in forma pauperis application also are before the court for consideration.

## BACKGROUND

The amended petition provides the following information: Abella was convicted in Contra Costa County Superior Court of murder and possession of a firearm with a prior juvenile adjudication. Sentence enhancement allegations were found true. On April 11, 2008, he was sentenced to two consecutive terms of 25 years to life in prison. Abella appealed. His conviction was affirmed by the California Court of Appeal in 2009. The California Supreme Court denied his petition for review in 2009. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition contains the following claims: First, Abella alleges that his right to due process was violated by admission of evidence of his two prior juvenile adjudications for impeachment purposes. Second, he alleges that his trial counsel provided ineffective assistance of counsel by failing to adequately object to the admission of the two prior adjudications. Third, he contends that his right to due process was violated because the evidence was insufficient to support the first degree murder conviction. Liberally construed, the claims appear to be cognizable in a federal habeas action.

Abella requests that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action. The issues Abella raises here were fully briefed on direct appeal by his appointed counsel. The request for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. The amended petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition, amended petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 4, 2010**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's request for appointment of counsel is DENIED. (Docket # 2, # 7.)

8. Petitioner's in forma pauperis application is DENIED because he has sufficient funds to pay the $5.00 filing fee. (Docket # 4.) Petitioner must pay the $5.00 filing fee no later than **July 9, 2010** or this action may be dismissed.

IT IS SO ORDERED.

DATED: May 12, 2010

Susan Illston
SUSAN ILLSTON
United States District Judge